## UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

IN RE:

WILLIAM EDWARD MCVICAR, JR.　　　CASE NO.: 8:18-bk-09803-RCT

MICHELLE ANNE MCVICAR　　　　　　CHAPTER: 13

　　**Debtor.**
_____/

## OBJECTION TO CHAPTER 13 PLAN

**WELLS FARGO BANK, N.A.** ("Creditor"), by and through the undersigned counsel, hereby objects to this Chapter 13 Plan ("Plan") [DE # 3] and in support, respectfully states the following:

1) Creditor holds a lien on the following property: 18140 Heron Walk Drive, Tampa, Florida 33647 (the "**Subject Property**") (Loan No. 6092).
2) Creditor intends to file a timely Proof of Claim. Creditor anticipates filing a secured claim in the amount of approximately $280,874.27, with a secured arrearage in the amount of approximately $127.031.33, and an ongoing post-petition payment in the amount of $1,829.40.
3) As Creditor's Claim is secured by the Debtor's principal residence, Creditor objects to any modification of the terms of its mortgage loan pursuant to 11 U.S.C. § 1322(b)(2).
4) The Plan proposes Mortgage Modification Mediation ("MMM") with respect to Creditor's claim. Pursuant to 11 U.S.C. § 1322(b)(2), the terms of the original note and mortgage shall remain in full force and effect unless and until the Creditor and Debtor mutually agree to a loan modification.
5) The Plan proposes adequate protection in the amount of $**1,000.00** per month.

ALAW FILE NO. 18-030320

6) Creditor requires adequate protection in the amount of either the contractual monthly payment due and owing or 31% of the gross monthly income as reflected on Debtor's Schedule I, which would be $**2,152.03**.

7) The plan fails to include the required LMM language indicating that the plan will be amended/modified in accordance with the final decision mutually agreed upon by Debtor and Creditor.

8) Furthermore, the Debtor has not filed an MMM Motion. As a result, the Creditor is not officially referred to the MMM Program. The Debtor must file the appropriate pleadings before the court, to coincide to the proposed plan treatment.

9) Finally, as stated the MMM Process has not materialized as yet. As such, Creditor also files this Objection to preserve its rights in regards to a plan that does not conform to a timely filed Proof of Claim by the Creditor.

10) Creditor objects to the proposed Plan treatment.

11) Creditor's claim should be treated as fully-secured until ordered otherwise by the Court.

12) Creditor reserves the right to amend this Objection.

WHEREFORE, **WELLS FARGO BANK, N.A.** respectfully requests that this Honorable Court sustain the objection and deny confirmation of the Plan.

/s/Scott Lewis, Esq.

Scott C. Lewis, Esq.
FBN 112064
813-221-4743 ext. 2603

**Albertelli Law**
Attorney for Secured Creditor
PO Box 23028
Tampa, FL 33623
Facsimile: (813) 221-9171
bkfl@albertellilaw.com
Alternate: slewis@albertellilaw.com

ALAW FILE NO. 18-030320

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 30th day of November, 2018, I served a copy of the foregoing on the parties listed below.

### **SERVICE LIST**

William Edward McVicar, Jr.
18140 Heron Walk Drive
Tampa, FL 33647

Michelle Anne McVicar
18140 Heron Walk Drive
Tampa, FL 33647

Alan D Borden
Debt Relief Legal Group, LLC
901 W. Hillsborough Avenue
Tampa, FL 33603

*Trustee*
Kelly Remick
Chapter 13 Standing Trustee
Post Office Box 6099
Sun City, FL 33571

*U.S. Trustee*
United States Trustee - TPA7/13, 7
Timberlake Annex, Suite 1200
501 E Polk Street
Tampa, FL 33602

 

/s/Scott Lewis, Esq.
Scott C. Lewis, Esq.
FBN 112064
813-221-4743 ext. 2603

**Albertelli Law**
Attorney for Secured Creditor
PO Box 23028
Tampa, FL 33623
Facsimile: (813) 221-9171
bkfl@albertellilaw.com

ALAW FILE NO. 18-030320