**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
**www.flmb.uscourts.gov**

In re:                                                                                           Case No. 8:18-bk-09803-RCT
                                                                                                        Chapter 13

WILLIAM EDWARD MCVICAR, JR. and
MICHELLE ANNE MCVICAR

        Debtor.[1]
_____/

**TRUSTEE'S MOTION TO DISMISS CASE**
**WITH PREJUDICE FOR BAD FAITH AND NOTICE OF HEARING**

> A preliminary hearing in this case will be held on January 23, 2019 at 9:30 a.m. in Courtroom 9B before the Honorable Roberta A. Colton, United States Bankruptcy Judge, at Sam M. Gibbons United States Courthouse, 801 North Florida Avenue, Tampa, Florida 33602 to consider and act upon this matter.

      Comes now, Kelly Remick, Chapter 13 Standing Trustee, by and through her undersigned attorney, and files this Motion to Dismiss and support thereof would state as follows:

      1.    The Debtors, William E. McVicar, Jr. and Michelle Anne McVicar (hereinafter, the Debtor), filed a case prior to the instant case on October 4, 2017, Case No. 17-08498.

      2.    The Debtor's Schedule A/B in the prior case listed in item number 35 an interest in a class action lawsuit against Trump University, with the notation that the interest in the lawsuit would be committed to the Plan.

      3.    The Debtor's Plan in the prior case was never confirmed and the case was dismissed by voluntary dismissal and a subsequent Order Dismissing Case (Doc. No. 39) on August 13, 2018.

---

[1] All references to "Debtor" shall include and refer to both of Debtors in a case filed jointly by two individuals.

4. The Debtor filed their instant case on November 14, 2018. The Debtor's proposed Plan in the instant case proposes a zero dividend amount to the allowed general unsecured claims.

5 The Debtor's Schedule A/B in the instant case still lists the interest in the class action lawsuit against Trump University, along with the notation that it will be committed to the Plan. In addition, the Debtor's Statement of Financial Affairs in Part 4, Question 9 lists the Trump University lawsuit and indicates that said lawsuit is pending.

6. The Debtor's Section 341 Meeting of Creditors was held on December 27, 2018 for this instant case. The Debtor attended, along with counsel and was examined.

7. Per the Debtor's testimony at the Section 341 Meeting of Creditors, the Debtor's interest in the class action lawsuit had already been settled as of May of 2018 for approximately $23,500.00, during the pendency of the prior case. Also, per the testimony of the Debtor, the funds from the settlement were placed in a Money Market account, which does not appear to be listed on the Schedule A/B for the present case. Further, per the testimony of the Debtor, the account held approximately $14,000.00 remaining from the proceeds of the settlement as of the date of filing the petition in the instant case, but as of the date of the conducted Section 341 Meeting of Creditors, the account held only approximately $3,200.00.

8. The settlement proceeds were property of the bankruptcy estate in the prior case under 11 U.S.C. §1306, and the settlement should have been disclosed and the funds turned over to the Trustee while that case was pending. In addition, the funds were property of the estate under 11 U.S.C. §541 when the present case was filed and the account holding said funds should have been disclosed in Debtor's schedules and said funds taken into account in regards to the best interests of creditors test in regards to the general unsecured creditors.

9. The Debtor's failure to disclose the settlement of the class action lawsuit in the prior bankruptcy case and the continued failure to disclose the remaining assets or the money market account in which they were held in the instant case while proposing no dividend to be paid to the allowed general unsecured creditors in the present case would appear to indicate bad faith on the part of the Debtor.

10. Based upon the foregoing, the Debtor would appear to fail to meet the requirements for confirmation of a plan required by §1325(a)(3) and (7) which require a Plan be proposed in good faith and a petition be filed in good faith.

WHEREFORE, the Trustee would pray this Court for an order dismissing this case with prejudice, along with any and all such other relief as this Court shall deem appropriate and just.

**I HEREBY CERTIFY** that a true and correct copy of the foregoing Trustee's Motion to Dismiss and Notice of Hearing was furnished, electronically by CM/ECF and/or by U.S. Mail, to WILLIAM and MICHELLE MCVICAR, 18140 Heron Walk Drive, Tampa, Florida, 33647; ALAN D. BORDEN, DEBT RELIEF LEGAL GROUP, LLC, 901 West Hillsborough Avenue, Tampa, Florida 33603; and the U.S. TRUSTEE, 501 East Polk Street, Suite 1200, Tampa, Florida 33602, on this 10th day of January, 2019.

/s/ William C. Harrison, Esquire
WILLIAM C. HARRISON, ESQUIRE
Post Office Box 6099
Sun City Centre, Florida 33571-6099
Phone (813) 658-1165
Facsimile (813) 658-1166
Florida Bar No. 0896731
Attorney for the Trustee

KR/kw